IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATIONAL BROOM COMPANY OF CALIFORNIA, INC. DBA JLR GEAR,

Plaintiff,

v.

SOLAR WIDE INDUSTRIAL, LTD., HUGHES SANONER, MICHAEL J. DOHERTY, PRINCESS INTERNATIONAL, INC., and JOSEPH FRIEDMAN,

Defendants.

NO. CV S-04-1974 GEB PAN

ORDER[*]

Defendants Michael Doherty, Princess International, Inc. ("Princess") and Joseph Friedman ("Friedman") move, inter alia, to be dismissed as parties in this action, arguing this Court lacks personal jurisdiction over them.[1] JLR Gear opposes the motions.

/////

/////

[*] These motions were determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Since the motion for dismissal for lack of personal jurisdiction will be granted, decision on the other motions filed on November 12 and 19, 2004, is unnecessary.

BACKGROUND

JLR Gear is a California corporation with its principal place of business in San Joaquin County, California. (Compl. ¶ 1.) Doherty is an attorney admitted to practice in New Jersey and New York, and before the United States Patent Office. (Doherty Decl. ¶ 2.) Princess is a New York corporation with its principal place of business in New York, and Friedman is Princess's President and a New York citizen. (Compl. ¶¶ 5, 17, 18.)

JLR Gear asserts claims against Doherty for intentional misrepresentation, negligent misrepresentation, conspiracy to interfere with livelihood, and negligence in the provision of legal advice, arising out of the allegation that Doherty, Solar Wide, and Sanoner fraudulently induced JLR Gear's Vice President, Jacob Rothman, to assign his patent rights to Solar Wide.[2] (Compl. ¶¶ 46-54, 90-105.) Specifically, JLR Gear alleges that Doherty made "oral assertions . . . that the [patent assignment] was merely a formality that would expedite the prosecution and registration of the patent, and that JLR Gear would continue to have the exclusive right to sell Smart Mugs for delivery into North America" (Compl. ¶ 49), and that Doherty failed to "use[] proper skill and care in drafting the Patent Assignment and advising plaintiff regarding the effect of the Patent Assignment." (Compl. ¶ 102).

---

[2] "Where, as here, a plaintiff raises [more than one claim], the court must have in personam jurisdiction over the defendant with respect to each claim. However, if the court determines that there has been a sufficient showing of personal jurisdiction to reach trial with regard to one claim . . . it may or may not be appropriate to assume jurisdiction over the other claim under principals analogous to the doctrine of pendent jurisdiction." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1289, n.8 (9th Cir. 1977)(citation omitted).

JLR Gear's claims against Friedman and Princess for inducing breach of contract and conspiracy to interfere with livelihood (Compl. ¶¶ 80-83, 90-97) arise out of an alleged agreement between JLR Gear and Defendant Solar Wide, whereby JLR Gear has the exclusive right to sell to North American retailers the electronic drinking mug for which Solar Wide obtained a patent on March 8, 2005. JLR Gear alleges that Princess and Friedman, "knowing of the contract between [JLR Gear] and Solar Wide, encouraged and persuaded Solar Wide that it would be to its advantage to breach its contract with [JLR Gear] and enter into a contract with [Princess and Friedman]." (Compl. ¶ 82.)

JLR Gear's claims against Princess for violation of § 43(a) of the Lanham Act, common law unfair competition, and common law trademark infringement (Compl. ¶¶ 106-135) arise out of JLR Gear's allegation that Princess is selling electronic drinking mugs that violate JLR Gear's trademark ownership of the name "Smart Mug" and the "steaming coffee mug" design. (Compl. ¶¶ 107, 116, 122, 131, 133.)

DISCUSSION

JLR Gear bears the burden of establishing personal jurisdiction over each movant. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). "Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted.) "Where a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff 'must make only a prima facie showing of jurisdictional facts . . .in order to avoid defendant's motion to dismiss.'" Lung v. Yachts Intern., LTD., 980 F. Supp. 1362, 1366 (D. Hawai'i 1997) (citing and quoting Data

Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1285 (9th Cir. 1977)). Personal jurisdiction for diversity cases is based upon the "long arm" statute of the state in which the court sits. Terracom v. Valley Nat. Bank, 49 F.3d 555, 559 (9th Cir. 1995). California's long-arm statute provides jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. "Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." Doe v. American Nat. Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "A court's exercise of personal jurisdiction over a nonresident defendant may be either general or specific. 'If a defendant's activities in the state are "substantial" or "continuous and systematic," general jurisdiction may be asserted even if the cause of action is unrelated to those activities.'" Id. at 1050. The propriety of an assertion of specific jurisdiction "depend[s] on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action." Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).

**Personal Jurisdiction over Doherty**

A. General Jurisdiction[3]

Doherty argues his contacts with California are fleeting and sporadic. Specifically, he asserts that he is a New Jersey lawyer who is an associate with a New Jersey law firm which does not solicit or

[3] Since it is unclear whether JLR Gear is asserting general and/or specific jurisdiction over JLR Gear, JLR Gear's arguments will be considered under both doctrines.

advertise for business in California. Doherty declares he can "recall working on only two matters involving California companies or California offices of large corporations. The work was related to filing patent applications, and in no related to analysis and application of California law." (Doherty Decl. at ¶ 9.) JLR Gear counters that Doherty does practice law in California by representing California residents on federal patent law.

JLR Gear next argues that Doherty actively solicited business in California by sending Jacob Rothman an engagement correspondence in California. JLR Gear also contends that Doherty and his law firm solicit clients from California by maintenance of a web site accessible by residents of California. Further, JLR Gear asserts through argument and the declaration of its Vice-President, Jacob Rothman, that Rothman spoke to Doherty on the phone and was confident that Doherty had been hired to prosecute the patent application for the Smart Mug in the names of both Mr. Sanoner and Rothman.

JLR Gear appears to contend that Doherty's representation of California residents with respect to federal patent law is sufficient support for JLR Gear's contention that general jurisdiction may be exercised over Doherty. However, "'[t]he mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required.'" Pyle v. Hatley, 239 F. Supp. 2d 970, 980 (C.D. Cal. 2002) (quoting Sawtelle v. Farrell, 70 F.3d 1381, 1392 (1st Cir. 1995)). Doherty counters, declaring that since he has become a licensed attorney in New Jersey, and admitted to practice before the United States Patent Office, he has worked almost exclusively in New Jersey. (Doherty Decl. at ¶ 3.)

He declares he did not solicit or advertise for business in California. He further declares that he never received a signed Retainer Agreement from Rothman, nor a retainer fee. (Id. at ¶ 13.) Further, Doherty's Declaration indicates that all of his correspondence with Rothman and communication with him on the telephone occurred when Doherty was located in New Jersey. JLR Gear has not alleged that Doherty's representation of California residents involved more than just patents which are prosecuted outside California, and Doherty's Declaration indicates that his only connection to JLR Gear's claims arises out of Doherty's patent practice. See Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226-27 (8th Cir. 1987) (holding that a law firm whose "only 'substantial connection' with South Dakota was its representation of a South Dakota corporation in connection with litigation taking place wholly outside South Dakota" did not "purposefully avail[] itself of the benefits and protections of the laws of South Dakota."). JLR Gear argues that Doherty actively solicited patent business in California when he sent Rothman correspondence concerning a patent application. However, sending this correspondence to a California resident does not constitute "continuous and systematic" or "substantial" contacts with California.

JLR Gear also argues that web site evidence supports its contention that jurisdiction can be exercised over Doherty. JLR Gear supports this argument with the following excerpt from Doherty's law firm's web site, and alleges the evidence is indicative of the firm's marketing to potential patent clients in all states:

> We prosecute patents for our clients to build patent portfolios with business value. We also study the validity and scope of patents owned by others, and

> advise our clients about their right to use new products and methods. [¶] Our firm's activities in this area extend throughout the world. We place emphasis on comprehensive coordination of worldwide patent filings in order to ensure that our clients obtain the broadest patent protection at the lowest possible price. Our work in the area of multicontinent licensing ventures has been highly rewarding to our national and international clients alike.

(Response to Mot. to Dismiss at 6-7 (emphasis omitted).)

Doherty counters that the existence of this web site, which is accessible by residents of California, is not, by itself, a sufficient basis for exercising personal jurisdiction over him. Since JLR Gear does not allege that this web site is an "interactive web site," its mere existence does not support JLR Gear's position. See Cybersell Inc. v. Cybersell, Inc., 130 F.3d 414, 418-19 (9th Cir. 1997) (where the Ninth Circuit held that simply placing a passive web site in cyberspace alone is insufficient to subject the advertiser to personal jurisdiction).

JLR Gear argues that Doherty's representation of Jacob Rothman is sufficient to confer personal jurisdiction over Doherty in California. Doherty counters that even assuming arguendo that JLR Gear could establish that an attorney/client relationship existed between Doherty and Jacob Rothman, Doherty's contacts with California are still insufficient for personal jurisdiction purposes.

Jacob Rothman was referred to Doherty's law firm by Defendant Sanoner, a Hong Kong resident, who was an existing client of Doherty's firm. JLR Gear does not dispute Doherty's declaration that he and Jacob Rothman had less than five telephone conversations. (Response to Doherty Mot. to Dismiss at 4.) Further, Doherty sent

only eight pieces of correspondence to Jacob Rothman, four of which were quadruplicate requests for Jacob Rothman to execute a co-inventor's declaration and/or patent assignment. (Doherty Decl. ¶¶ 12, 15; Exhibits A-H to Doherty Decl.) Finally, although JLR Gear alleges that it paid Solar Wide for fifty percent of Doherty's fees, Doherty did not send any bills to Jacob Rothman or JLR Gear and Doherty did not receive payment from Jacob Rothman or JLR Gear; he only received payment from Solar Wide. (Doherty Decl. ¶ 18.)

In conclusion, the foregoing discussion revels that JLR Gear has not made a prima facie showing that general jurisdiction can be exercised over Doherty. See Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226 (8th Cir. 1987)

B. Specific Jurisdiction

Doherty also indicates that the allegations in the complaint are insufficient to justify exercising specific jurisdiction over him. The Ninth Circuit applies the following three-part test to determine whether there is specific jurisdiction:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities [; and] (3) [e]xercise of jurisdiction must be reasonable.

Doe v. American Nat. Red Cross, 112 F.3d 1048, 1050-51 (9th Cir. 1997)(citation omitted).

> [P]urposeful availment is satisfied even by a defendant whose only contact with the forum state is the purposeful direction of a foreign act having effect

> in the forum state. . . . [T]he effects test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

Dole Foods Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)(internal quotation marks and citations omitted).

JLR Gear argues that Doherty purposefully availed himself of the privileges of conducting business in California since his law firm has a web site accessible by California residents. However, JLR Gear has not alleged that Doherty's law firm's web site had more than a passive nature. Cybersell, 130 F.3d at 420.

JLR Gear next argues that the purposeful availment prong is satisfied since Doherty practices federal patent law "so it is not at all coincidental that the client is located in a different forum from [Doherty's] primary office." (Response to Mot. to Dismiss at 8-9.) Doherty asserts that JLR Gear appears to be arguing that since his practice is based on federal patent law, he is subject to jurisdiction in all fifty states. Finally, JLR Gear argues that the purposeful availment prong is satisfied because Doherty represented Jacob Rothman in the patent application process giving rise to this litigation.

But JLR Gear does not allege a sufficient nexus between any intentional act committed by Doherty and the alleged harm JLR Gear suffered in California. Even if an attorney-client relationship existed between Doherty and Rothman, JLR Gear has not shown that Doherty had sufficient contacts with California to make him subject to suit in California. The contacts on which JLR Gear relies do not manifest that Doherty purposefully availed himself of the privilege of conducting business in California. Since JLR Gear failed to satisfy

the first prong of the three-part test for specific jurisdiction, the balance of the test need not be analyzed. Hence, JLR Gear has not met its prima facie burden of showing that specific jurisdiction can be exercised over Doherty.

Therefore, JLR Gear's claims against Doherty are dismissed without prejudice for lack of personal jurisdiction.

**Personal Jurisdiction over Princess and/or Friedman**

JLR Gear argues that Princess and Friedman purposefully availed themselves of the privilege of doing business in California by maintaining a web site directed at customers in every state of the United States in which Smart Mugs are offered for sale, making sales within California, and contracting with JLR Gear in California on several occasions for the purchase of Smart Mugs for resale. (JLR Gear's Response to Defs.' Mem. of P. & A. at 5.) Even assuming, arguendo, that Princess and/or Friedman have purposefully conducted business in California, before personal jurisdiction can be exercised over these Defendants, JLR Gear must make a prima facie showing that its claims against them arise out of their forum-related activities. The "'but for' test [is used] for determining whether a plaintiff's injury arises out of a defendant's forum-related activities." Doe v. American Nat. Red Cross, 112 F.3d at 1051. JLR Gear has not sufficiently alleged that its claims against Friedman and Princess arise out of contacts either of these Defendants had in California, or that anything occurred in California which gives rise to these claims.

JLR Gear also alleges against Princess trademark infringement claims under common law and the Lanham Act, and a variety of claims under California law arising out of Princess's sale of what JLR Gear characterizes as a Smart Mug product. However, it is not

alleged that Princess sold this product in California. JLR Gear's reliance on Princess's web site to establish such sales is unavailing, since JLR Gear has not alleged that such sales occurred in California.

JLR Gear does appear to allege that Princess's customers might be re-selling this product in California. (See JLR Gear's Response to Princess and Friedman's Motion to Dismiss at 4 ("Without some discovery it will be impossible to determine how many of the infringing items are re-sold by Princess International's customers to consumers in California")). Friedman declares that "Princess sells gifts and electronic gadgets . . . . [I]t sells to mail order companies, retailers, specialty shops, and other companies. . . . [O]ver 99% of the companies with whom Princess regularly does business are located outside of California." (Friedman Decl. ¶ 4.) See Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir. 1977) (denying specific jurisdiction even though plaintiff alleged infringing products were sold in Arizona or to Arizona customers by either defendant or the California mail order houses to which defendant sold since plaintiff did not come forward with facts to controvert defendant's evidentiary showing). Thus, the issue is whether JLR Gear's allegations are sufficient to establish a prima facie showing that Princess engaged in some activity purposefully aimed toward California and that JLR Gear's claims are directly from that activity. JLR Gear has not linked Princess's contacts with California with its claims against Princess in the instant litigation. Although JLR Gear seeks to have inferred that whatever contact Princess has had with California suffices to establish jurisdiction with respect to its claims against Princess, factual disputes exist on whether that contact is sufficient to

sustain JLR Gear's burden of proof on this question. "Instead of 'resolving' the factual disputes, [this] matter may be determined by reference to the burden of proof which [is] placed upon [JLR Gear]." Data Disc, Inc., 557 F.2d at 1285. Since JLR Gear did not show that its claims against Princess and/or Friedman arise out of their forum-related activities, if any, the claims against Princess and Friedman are dismissed without prejudice for lack of personal jurisdiction.

CONCLUSION

In conclusion, the motions of Doherty, Friedman, and Princess to be dismissed as parties for lack of personal jurisdiction are granted.

IT IS SO ORDERED.

Dated: May 9, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge